UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-10-RJC

| | | |
|---|---|---|
| BOBBY KEITH HEFNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BURKE COUNTY SHERIFF'S OFFICE, | ) | <u>ORDER</u> |
| SCOTT ROGERS, Captain, | ) | |
| FNU LNU, Officer 3, Name Unknown, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed an Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-1), and a Complaint, (Doc. No. 1), on January 20, 2012.

First, with regard to Plaintiff's Motion to Proceed in forma pauperis, on February 16, 2012, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). Plaintiff's application to proceed in forma pauperis is granted.

I.  BACKGROUND

Pro se Plaintiff Bobby Keith Hefner is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, naming as Defendants "Burke County Sheriff's Office," "Scott Rogers, Captain," and "FN LNU, Officer 3, Name Unknown." Plaintiff alleges the following in his Complaint:

> On [July 5, 2011], I was sent to court on the day stated here I was assaulted by a[n] officer. I was talking to the sgt. my law books as he come to the cell sgt. and a uniform deputy that keep on saying to me step out I was talking to the sgt. at the time and I didn't say anything to the another officer inmate in cell. Seen the

> officer grab me and throw me to the wall and my head hit the wall. I ask the sgt. to get the officer off me. Also didn't do anything. I ask for the officer name. I sent a letter to the sheriff officer. I can't provide the name.

(Doc. No. 1 at 4). Plaintiff requests the following in the form of relief:

> To find the Dept of Burke County Sheriff's office to be held and to prove my case for assaulted by the officer and for pain and suff[er]ing.

(Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Plaintiff alleges that an unnamed guard assaulted him without provocation while he was a pre-trial detainee at the Burke County Jail, and that Defendant Rogers stood by and did nothing to stop the assault. "[E]xcessive force claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment." Young v. Prince George's Cnty., Md., 355 F.3d 751, 758 (4th Cir.2004) (quoting Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir.1998)). To succeed on such a claim, a plaintiff must show that defendants "inflicted unnecessary and wanton pain and suffering." Id. In adjudicating an excessive force claim, the court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and whether the force was "applied in a

good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973); see also Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010) (per curiam).

The Burke County Sheriff's Office is not a legal entity capable of being sued.  See Hill v. Robeson Cnty., N.C., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010).  Plaintiff's claim against the Burke County Sheriff's Office is DISMISSED.

Plaintiff sufficiently states a claim against the unnamed officer for excessive force for assaulting Plaintiff without provocation.  As for Defendant Rogers, Plaintiff alleges that Rogers stood by and did nothing while the unnamed officer was assaulting Plaintiff.  These allegations are enough to state a claim against Defendant Rogers based on bystander liability.  See Randall v. Prince George's Cnty., Md., 302 F.3d 188, 203 (4th Cir. 2002) (officer may be liable where officer observes a fellow officer's illegal act, possesses the power to prevent it, and chooses not to act).  In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e).

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-1), is **GRANTED**;

2. Defendant Burke County Sheriff's Office is **DISMISSED**;

3. The U.S. Marshal is directed to effectuate service upon Defendant Captain Scott Rogers of the Burke County Sheriff's Department.

4. Within **thirty (30) days** of entry of this Order, officials at the Burke County Sheriff's Department are **ORDERED** to provide the name of the officer who allegedly assaulted Plaintiff so that the U.S. Marshal can serve the officer with process.

Signed: September 19, 2012

Robert J. Conrad, Jr.
Chief United States District Judge