UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-10-RJC

| | |
|---|---|
| BOBBY KEITH HEFNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BURKE COUNTY ) | |
| SHERIFF'S OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court upon receiving as undeliverable the Court's Pretrial Order and Case Management Plan mailed to Plaintiff Bobby Keith Hefner at the Alexander Correctional Institution in Taylorsville, North Carolina on May 17, 2013. (Doc. No. 15). Plaintiff filed this action on January 1, 2012, pursuant to 42 U.S.C. § 1983, naming as Defendants "Burke County Sheriff's Office," "Scott Rogers, Captain," and "FN LNU, Officer 3, Name Unknown." Plaintiff alleges in the Complaint that on July 5, 2011, an unnamed guard assaulted him without provocation while he was a pre-trial detainee at the Burke County Jail, and that Defendant Rogers stood by and did nothing to stop the assault. By Order dated September 9, 2012, this Court dismissed the Burke County Sheriff's Office as a Defendant. (Doc. No. 7).

The current listed address for Plaintiff is Alexander Correctional Institution. The notice from Alexander Correctional Institution states that Plaintiff was released from the prison on April 21, 2012. (Doc. No. 15). Furthermore, a search of offenders on the North Carolina Department of Public Safety web site confirms that Plaintiff was released on April 21, 2012, and he is no longer incarcerated in the North Carolina prison system.

1

Rule 41(B) of the Federal Rules of Civil Procedure allows the district court to dismiss an action "[f]or failure of the plaintiff to prosecute." FED. R. CIV. P. 41(B). Before dismissing a case for failure to prosecute, a district court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Here, considering the four factors above, the Court finds that dismissal is appropriate. First, Plaintiff is solely responsible for the failure to notify the Court of his address change. This action has been pending since January 20, 2012, and Plaintiff has been released from prison since April 21, 2012. Plaintiff has had ample time to notify the Court of his change of address. Second, Plaintiff will not be prejudiced because the dismissal will be without prejudice and Plaintiff still has time to re-file before the statute of limitations runs on his claim. Finally, a sanction less drastic than dismissal would not be effective.

In sum, the Court will dismiss this action without prejudice because Plaintiff has failed to notify the Court of his change in address after being released from prison more than one year ago. Accord Walker v. Moak, No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a §1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice.
2. The Clerk is directed to terminate the case.

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge